# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

**RECEIVED**

APR 0 2 2007

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

GEORGE PHILLIPS,
              Plaintiff,

      v.

DOCTOR NGU,
KAROLYN SHERIDAN,
JAMES MARTENS,
CHRIS BARNHART,
NEDRA CHANDLER,
S. BENTON,
ROGER E. WALKER, Jr.,
JOHN DOE HEALTHCARE PROVIDER, Defendants.

JURY DEMAND

$8,000,000.00

Case. No: __07 C 50 0 63__

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. CODE (state, county, or municipal defendants)

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims for relief in this complaint pursuant to 28 U.S.C. § 1331, 1343(a)(3) and 42 U.S.C. § 1983.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any and all State Constitutional and law claims so related to the claims within the original jurisdiction of this Court that they may form part of the same case or controversy.

### JURY DEMAND

Plaintiff demands trial by jury in this action on each and every one of the claims as alleged herein this and any amended complaint.

1.

I.  **Plaintiff(s):**

    A.   Name:  George Phillips #C-90220

    B.   List all aliases:  none

    C.   Prisoner identification number:  C-90220

    D.   Place of present confinement:  Dixon Corr. Center

    E.   Address:  2600 N. Brinton Av., Dixon, Il   61021

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank.  Space for two additional defendants is provided in **B** and **C**.)

    A.   Defendant:  Doctor Ngu

        Title:  Medical Director

        Place of Employment:  Dixon Corr. Ctr.

    B.   Defendant:  Karolyn Sheridan

        Title:  Health Care Administrator

        Place of Employment:  Dixon Corr. Ctr.

    C.   Defendant:  James Martens

        Title:  Counselor

        Place of Employment:  Dixon Corr. Ctr.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

**(Continued on page 3.)**

2.

D.  Defendant:  Chris Barnhart,

    Title:  Grievance Officer

    Place of Employment:  Dixon, Corr. Ctr.


E.  Defendant:  Nedra Chandler

    Title:  Warden (Chief Administrative Officer)

    Place of Employment:  Dixon Corr. Ctr.


F.  Defendant:  S. Benton

    Title:  Administrative Review Board

    Place of Employment: Ill. Dept of Corrections, Springfield, Il.


G.  Defendant:  Roger E. Walker, Jr.

    Title:  Director of the Illinois Dept. of Corrections

    Place of Employment: Ill. Dept. of Corrections, Springfield, Il.


H.  Defendant:  John Doe (Healthcare Provider)

    Title:  Healthcare Provider

    Place of Employment: Dixon Corr. Ctr.


All the defendants have acted, and continue to act, under color of
State Law at all times relevant to this complaint, and are being
sued in their individual capacities, and their official capacities.

III.   **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.   Is there a grievance procedure available at your institution?

YES (X)   NO ( )   If there is no grievance procedure, skip to F.

B.   Have you filed a grievance concerning the facts in this complaint?

YES (X)   NO ( )

C.   If your answer is **YES**:

1.   What steps did you take?

The Plaintiff timely filed a grievance to the Warden of Dixon Corr. Ctr., after it was denied he sent it to the Grievance Officer, then timely sent it to the Adm. Rev. Bd.

(See Exh. **A**   )

2.   What was the result?

The Warden sent the grievance to Counselor Martens who denied it as untimely, as did the Grievance Officer, and also S. Benton of the Adm. Rev. Bd. did the same.(s~~~~~~~~~~~ )

(see Exh. **A, B,** and **C** ).

3.   If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

The grievances was denied on all levels as untimely and Petitioner was told to resubmit grievances after going to Sick Call, which he did. (see Exh. **A, B, C, D,** and **F** at page **6**)

D.   If your answer is **NO**, explain why not:

_____

_____

_____

E.    Is the grievance procedure now completed?  YES (X)  NO ( )

F.    If there is no grievance procedure in the institution, did you complain to authorities?  YES ( )  NO ( )

G.    If your answer is **YES**:      Not Relevant

    1.    What steps did you take?

_____

_____

_____

    2.    What was the result?

_____

_____

_____

H.    If your answer is **NO**, explain why not:

_____

_____

_____

**5.**

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: _____ None Aware Of _____
_____

B. Approximate date of filing lawsuit: _____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_____
_____
_____

D. List all defendants: _____
_____
_____
_____

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F. Name of judge to whom case was assigned: _____
_____

G. Basic claim made: _____
_____
_____

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____
_____
_____

I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

6.

V.                     STATEMENT OF CLAIMS

1. Defendant's Ngu (Medical Director) and Sheridan (Healthcare Administrator) are employed at the Dixon Corr. Ctr. and as the two top medical personel at this facility, they review all medical records, Lab reports, Radiology reports, chronic and terminally ill patients and determine which patients qualify for certain specific expensive examinations and/or treatments.

2. Defendant John Doe Healthcare Provider for the Dixon Corr. Ctr. reviews, approves and/or denies all request from defendants Ngu and Sheridan for any expensive and extensive medical examinations and/or treatments.

3. On 3-6-06, the plaintiff was given Lab Blood test as a part of his annual yearly physical. Because he had been complaining of his chest and breathing, he was also given a chest x-ray.

4. Plaintiff was not notified by defendants Ngu, Sheridan, or anyone else from the Healthcare Unit (HCU) of the lab test or chest x-ray results. It wasn't until approximately three months later in July 2006 when plaintiff had his annual appointment with his psychiatrist that during this visit the psychiatrist while making a general review of plaintiff's medical file that the psychiatrist asked him how he was coming along with his emphysema. Thats when plaintiff became aware that he had this life threatening disease.

5. Plaintiff was shocked with this knowledge especially since he had not been made aware of it by the appropriate medical staff (defendant Ngu and Sheridan) nor treated even after complaing on 5-8-06 of chest pain, shortness of breath, nausea, vomiting and being diagnosed by a nurse of having an irregular pulse. (see Exh. F , pg. 1 ) He still was not told of this illness nor treated even after also going to the HCU on 7-27-06, 7-31-06, 8-2-06, 8-24-06, 8-28-06, and on 8-30-06 (see Exh. F, pg. 2-3) and also on 9-5-06, 9-8-06, 9-25-06, 9-27-06, 10-10-06, 10-25-06, and on 10-30-06. (see Exh. F, pg. 4-8.)

6. For eight times ~~form~~ from 3-6-06 to 8-30-06 (see Exh. F, pg. 1-3) plaintiff was seen by Healthcare staff before accidently learning of his illness through his psychiatrist. For a grand total of fifthteen times from 3-6-06 to 10-30-06 (see Exh. F, pg. 1-8) plaintiff was at the HCU and still was not told by medical staff of his illness, nor given any consultation by defendants Ngu or Sheridan, or treated for his illness, even though he made health complaints and specifically requested treatment.

7. Defendant Chandler is the Chief Adminstrative Officer (CAO) of the Dixon Corr. Ctr. and is required by Illinois law under 730 ILCS 5/3-8-8 Grievances, to have, uphold and maintain the institutional grievance laws and to receive and expedite grievances under Title 20: Illinois Administrative Code Subchapter e, section 504.840 Emergence Procedures, where "there is a substantial risk of imminent personal injury, or other serious or irreparable harm to the offender". (see Exh. G, and Exh. H, pg. 3.) ~~pg.~~ ).

8. On 8-11-06, within the 60-day time limitation to grieva a matter, plaintiff filed an emergency grievance to the CAO making the CAO fully aware of his life threatening illness. (see Exh. A ). Instead of taking action in accordance with 730 ILCS 5/3-8-8 and/or Title 20: section 504.840, the CAO disregarded the well established statutory provisions of this law as well as the seriousness of the grievance and sent it down the ladder to defendant counselor james martens. (see Exh. A ).

9. Defendnat Martens is a Counselor at the Dixon Corr. Ctr. On 8-16-06, defendant Martens heard the grievance as a non-emergency matter and denied the grievance stating "Inmate Philips need to sign up for sick call. The issue he addresses is beyond the 60-day time frame to file a grievance..." (see Exh. A ).

10. After getting the counselors response from defendant Martens, plaintiff then in accordance with the grievance procedurs sent the grievance to Defendant Barnhard, who is the Grievance Officer (GO) for Dixon Corr. Ctr. who on 8-21-06 refused to take action on the grievance as untimely (see Exh. B .) ~~~~

11. Plaintiff then sent the grievance back to Defendant Chandler who also denied it. In an timely manner, plaintiff forwarded the grievance to Defendant Walker.

12. Defendant Walker is the Director of the Illinois Department of Corrections (IDOC) and is responsible for reviewing grievances in accordance with 730 ILCS 5/3-8-8 and Title 20: Ill Adm. Code sub-chapter e section 504.805 and 504.850 (see Exh.G, and Exh.H, pg.1 & 3.) )

13. Defendant S. Benton is an appointee of defendant Walker who passed the grievance off to defendant S. Benton to review. Defendant Benton denied the grievance as untimely and recommended that plaintiff file another grievance on the institutional level (see Exh. C ).

14. In compliance with the response from S. Benton who as the appointee of defendant Walker is in charge of the Administrative Review Board, pliantiff eventhough knowing full well that he was not untimely in his first grievance and his appeal to defendant Walker went to the HCU on 9-8-06 and without any satisfaction he then filed another grievance by sending it to defendant Martens on 9-11-06 (see Exh.F , pg.5 , and also Exh. D ,).

15. On 9-13-06 Defendant Martens again denied plaintiff grievance as untimely. Plaintiff thereafter forwarded this grievance attached with the first grievance to the GO (defendant Barnhard) who denied it, then to the CAO (defendnat Chandler) who also denied it, then to the IDOC Director (defendnat Walker) who again passed it on to defendant S. Benton who again denies this grievance on 9-26-06 as untimely dispite it not being untimely and even after his/her first recommendation on 9-5-06 for plaintiff to file another grievance (see Exh.A. D , Exh. E , and Exh. C ,)

VI.                    CLAIMS FOR RELIEF

16. Defendants Ngu and Sheridan as high ranking members of the medical profession and IDOC employess, in their individual and official capacity had actual knowledge and experience of the medical procedures (a protected liberty interest under the U.S. Constitution and Illinois law adopted in 730 ILCS 5/3-8-2(d) when reviewing a medical chart that they must

9.

(see Exh. I.)

730 ILCS 5/3-7-2(d))when reviewing a medical chart or records that they must follow up on the patient and provide the necessary examinations and treatments especially when they see that the patient has a life threatening illness as the plaintiff has. Without an medical doubt emphysema is a debilitating life threatening disease. Both defendants with deliberate indefference and willful negligence failed to adhire to their medical oaths, their oaths as IDOC employees, and to long standing procedural safeguards, and plaintiffs right to medical treatment, knowingly, willfully, conspired together maliciously and sadistically with intent to subject plaintiff to cruel and unusual punishment in violation of the eight amendment by looking the other way to deny him treatment so that they could stay below their annual budgets inorder to get a higher personal bonus by the IDOC and it's healthcare provider at the close of the fiscal year for staying below a particular percentage of their allotted budget. (This is documented materal plaintiff will seek to obtain through discovery as the defendants will not give it to him to include as exhibits in filing this complaint).

17. Defendant John Doe Healthcare Provider instructs the medical Director and Healthcare Administrator (defendants Ngu and Sheridan) to stay below budget if they want a bonus, which violates the plaintiffs right to the proper medical care he needs under the eight amendment.

18. Defendants Ngu and Sheridan in their individual and official capacity knowingly, willfully, maliciously and sadistically conspired with the intent to discriminate against plaintiff and to not inform and treat him for his illness because, 1) to save money from their budget to increase their bonuses; 2) because plaintiff is a old-time long-term C-Number prisoner with an indeterminate sentence who may never make parole; 3) because he is an Psychiatric Patient(an american with an disability) housed in the Psychiatrict facilty Unit in this prison.

19. Thus the "substantial" and "motivating" factors in defendants Ngu and Sheridan's discriminating against, and exercising deliberate indifference to plaintiff health and safety is to, 1) save money to stay below their budget to increase their bonuses; 2) because plaintiff is a old-time long-term C-Number prisoner; 3) because plaintiff is a psychiatrict ~~patient with an his illness.~~

10.

patient with a mental disability housed in the psychiatrict facility of this prison. Their actions has caused plaintiff mental and emotional harm and injury and recklessly contributed to his physical pain and future detriment, and deliberately violated his eight amendment rights.

20. Defendants Ngu and Sheridan actions were more than merely negligent as they had knowledge of plaintiffs illness, pain and suffering, the harmful condition of not treating him and they failed to do anything to correct it or alleviate the condition knowing that their actions created a substantial risk of serious harm to him by leaving the serious threat of the conditions of his illness untreated.

21. Defendants Martens, Chandler, Barnhard, Walker, S. Benton, and the Healthcare Provider all acted with deliberate indifference to plaintiff's constitutional rights under the American Disability Act, the first Amendment to file grievances, Illinois law, to receive medical treatment, to not be discriminated against because he's a psychiatrict patient, the 14th amendment right to due process, and the eight amendment to be free from cruel and unusual punishment. These defendants are fully aware of the grievance procedures as they deal with hundreds of grievance on an weekly basis. They all knew that under 730 ILCS 5/3-8-8 and it's four provisions that plaintiff had a right to file a grievance and that they must not retaliate or discriminate against him because he exercises this right. Retaliate and discriminate is exactly what each defendant did. (see Exh. G, ) ~~par~~ They also knew that his grievance was timely as Title 20: Ill. Adm. Code subchapter e section 504.810 clearly states in the third sentence "A grievance shall be filed within 60 days after the discovery of the incident".. . (see Exh. H , pg. 1 ). The plaintiff was made aware of his illness in July 2006. Thus this is when he made the discovery and the defendants know full well that this is the correct point of discovery not when the x-ray was taken. It's when the discovery is made by the grieving party! Thus the plaintiff was timely in filing his initial grievance on 8-11-06. This is an ongoing conspiracy in the IDOC to get around prisoners grievances and these named defendants have conspired against plaintiff in this ongoing perpetration.

22. Defendants Ngu, Sherdian, Martens, Chandler, Barnhard, Walker, Benton, and their Healthcare Provider all displayed deliberate indefference to

11.

plaintiff where they all Knew that treatment for him is certainly
"medically necessary". All the defendants in their individual and
official capacity conspired together in an effort to prevent the
plaintiff from obtaining his rights of the 1st, 8th, and 14th amend-
ments, having been made aware of his illness and knowing that their
actions and lack of action presented a substantial risk of harm, pain
and suffering to him as the risk was obvious. Each defendant retaliated
under color of law, because he is a psychiatrict patient and to save money.

VII.        DENIAL OF DUE PROCESS AND EQUAL PROTECTION

23. Defendants Martens, Barnhard, Chandler, Walker, and S.Benton failed
in their individual and official capacity to fairly rule upon plaintiff
grievance, or to provide equal protection and due process under the 14th
amendment and to adhire to Illinois law, administrative rules and pro-
cedures, and to be fair to an American with an mental disability. Defendants
Ngu, Sheridan, and John Doe Healthcare Provider by not informing plaintiff
of his illness, not treating him, and having and participating in a
agreement to keep below a designated budget inorder to receive a bonus
for themselves contributed to the denial of plaintiffs rights.

VIII.                    RELIEF REQUESTED

A. Plaintiff request that the court declare that the actions of each
defendant described herein have amounted to the wanton and unnecessary
infliction of pain, harassment, retaliation, and emotional injuries in
violation of his rights under the 1st., 8th., and 14th amendments of the
U.S. Constitution, Illinois Law, and IDOC Rules and Procedures.

B. Declare that the deprivations alleged in this complaint is one
of "real substance" and imposed "atypical and significant hardships
on the plaintiff" in relation to the ordinary incidents of prison life,
and "but for" the retaliatory conduct and actions of the defendants
described herein, plaintiff would not have suffered and continue to
suffer the wanton and unnecessary infliction of pain, harassment,
retaliation, and emotional and punitive injuries in violation of his
rights under the 1st., 8th., and 14th amendments of the U.S. Constitution.
Illinois Law, and IDOC Rules and Procedures.

12.

C. Award compensatory damages in the following amounts:
   1. $500.000 jointly and severally against each defendant in their individual and official capacity for their wrong to plaintiff for a compensatory total of $4,000,000.

D. Award punitive damages in the folowing amounts:
   1. $500.000 jointly and severally against each defendant in their individual and official capacity for their wrong to plaintiff for a punitive total of $4,000.000.

E. Grant reasonable Attorney fee's for the attorney's the court appoints.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 29 day of March 2007.

George Philips #C-90220
2600 N. Brinton Av.
Dixon, Il  61021

Subscribed and Sworn to before me
this 29th day of March 2007.

NOTARY PUBLIC

"OFFICIAL SEAL"
Jill Straw
Notary Public, State of Illinois
My Commission Exp. 03/03/2010

13.

IN THE
UNITED STATES DISTRICTR COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION


GEORGE PHILLIPS
        Plaintiff,


v.                                    Case No. _____

DOCTOR NGU, KAROLYN SHERIDAN,
JAMES MARTENS, CHRIS BARNHARD,
NEDRA CHANDLER, S. BENTON,
ROGER E. WALKER, JR.
JOHN DOE HEALTHCARE PROVIDER,
        Defendants.


### DECLARATION UNDER PENALTY OF PERJURY


    I, George Phillips, pro se, declare under the penalty of perjury that I am the
maker of the foregoing pleading/document, that I have read the contents thereof,
and that the information contained therein is true and correct. I further declare
under the penalty of perjury that the EXHIBITS attached to the foregoing pleding/
document are what they are represented to be and that the information contained
therein is true and correct, and is a matter or record. 28 U.S.C. § 1746 and
18 U.S.C. § 1621.


Signed this 29 day of March 2007.          /s/ _George P Phillips_


### NOTICE OF FILING/CERTIFICATE OF SERVICE


To: Clerk of the U.S. District Court      To: Attorney General of Illinois
    211 S. Court St.                          Lisa Madigan
    Rockford, Il   61101                      100 W. Randolph St ste. 10-400
                                              Chicago, Il   60601


    I, George Phillips, pro se, hereby certify that the proper number or coppies
(1 Original and 9 Copies) of the foregoing pleading/document (1983 Civil Complaint,
Informa Pauperis Application, and Motion for Appointment of Counsel) have been mailed
to the Clerk of the Court and to Counsel for the Defendants in this cause, by placing
them with First Class Postage Prepaid, in the U.S. Mail at the Dixon Corr. Ctr.,
2600 N. Brinton Av., Dixon, Il. 61021 on this _____ day of March 2007. This Certificate
of Service is made under penalty of perjury. 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

                          /s/ _George P Phillips_
                          George Phillips, #C-90220

                          2600 N. Brinton Av.
                          Dixon, Il   61021

**COMMITTED PERSON'S GRIEVANCE**                    06-08-81

| Date: Aug. 11, 2006 | Committed Person: (Please Print) Phillips George R. | ID#: C-90220 |

Present Facility: Dixon S.T.C.    Facility where grievance issue occurred: Dixon C.T.C.

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] Other (specify): 60/JM

- [ ] Disciplinary Report: ___/___/___
       Date of Report                           Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I was suppose to get an annual Physical Nov. 2005. I did not recieve a physical until April of 2006. I was told by my Physicians a couple of weeks ago that i have Bronchitis and Emphasema and to this day Aug. 11, 2006 I have not recieved ANY medical treatment what so ever. And the Medical Department did not tell me of my illnesses. I still have trouble breathing and i am constantly exhausted after walking for a relatively short distance. (continue side 2)

**Relief Requested:** To be seen by a doctor and get the medical treatment that I am entitled to by law immediately. Plus: would like to see someone from Springfield so that this can be settled out of Court if possible.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Mr. George R. Phillips                    C-90220          8/18/06
Committed Person's Signature              ID#              Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 8/16/06

- [ ] Send directly to Grievance Officer
- [x] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Inmate Phillips need to sign up for sick call. The issue he addresses is beyond the 60 day time frame to file a grievance in accordance with DR 504.

James Martin                    J Martin              8/16/06
Print Counselor's Name          Counselor's Signature  Date of Response

---

**EMERGENCY REVIEW**

Date Received:

RECEIVED
AUG 3 1 2006
OFFICE OF
INMATE ISSUES

RECEIVED
SEP 2 2 2006
OFFICE OF
INMATE ISSUES

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

Chief Administrative Officer's Signature          Date

(Exh. A)

---

The April dates Were When the x-rays Were taken at HCU
I did Not Know my condition until the 3rd Week of July When my
Psychiatrist Notified Me. The Entire Medical Dept Staff
Withheld the results of my x-rays And I have not recieved any
Medical Treatment as of this date Sept. 19th 2006. About a
Month ago I did Put in for Sick call And i Was called to the HCU again
About 2 Weeks ago and as of this date I have Not recieved any
Medical treatment. Also When i got my physical I Weighed
over 165 pounds Now i only Weigh 140 pounds And i am still
loseing Weight. PLEASE HELP ME.

15.



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker, Jr**
Director

Dixon Correctional Center / 2600 N. Brinton Avenue / Dixon, IL 61021 / Telephone: (815) 288-5561 / TDD: (800) 526-0844

### *M E M O R A N D U M*

DATE: 8-21-06

TO: Name _Phillips, George_ #IDOC _C90220_
Housing Unit _60_

FROM: Chris Barnhart, Grievance Officer

Nature of Grievance__ _HCU_

Your Grievance is being returned due to the following reason(s):

☐ MGT/SMGT is an Administrative decision: therefore this issue will not be addressed further
☐ Use proper Committed Persons Grievance Report form (DOC 0046)
☐ Contact your assigned counselor
☐ Issue too vague: submit additional and specific information
☐ Correspondence/Request misdirected
☐ Unable to determine nature of grievance
☐ Nature of grievance and relief requested are two separate issues – clarify and resubmit
☒ Not submitted in a timely manner: issue is over two months old
☐ Issue previously grieved
☐ Inmates may not submit grievances for other inmates: only personal relief may be requested
☐ Requests for restoration of GCC should be forwarded to the Adjustment Committee: if
  denied utilize the grievance process to appeal
☐ Illegible: resubmit legible copy for consideration
☐ Address concerns to the Illinois Prisoner Review Board. 319 E. Madison St., Suite A.
  Springfield. Illinois 62701
☐ Contact the Record Office with your request and/or additional information
☐ This issue is outside the jurisdiction of Dixon Correctional Center
☐ Forward directly to the Administrative Review Board
☐ Need to appear before the Adjustment/Program Committee prior to review
☐ No justification for further consideration
☐ Comments

**RECEIVED**
AUG 3 1 2006
OFFICE OF
INMATE ISSUES

**RECEIVED**
SEP 2 2 2006
OFFICE OF
INMATE ISSUES

cc: file

Chris Barnhart
Grievance Officer

(Exh. B)

15.

*New Evidence*
*On Back of Grievance*

*On Back Page of Grievance*

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

**Offender:** Phillips          George          _____ MI          C90220 ID#
Last Name          First Name

**Facility:** Dixon

☑ Grievance (Local Grievance # (if applicable): 06-08-81 , or ☐ Correspondence
**Received:** 8, 31, 06          **Regarding:** April 06 HCU visit
Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).
☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.
☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

RECEIVED
SEP 2 2 2006
OFFICE OF
INMATE ISSUES

**Misdirected:**
☐ Contact your correctional counselor regarding this issue.
☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.
☐ Contact the Record Office with your request or to provide additional information.
☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL   62706

**No further redress:**
☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.
☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
☐ This office previously addressed this issue on _____ / _____ / _____ .
Date
☐ No justification provided for additional consideration.

**Other** (specify): Your Grievance regards an april HCU visit, therefore outside timeframes. However if you've been back to HCU and have more recent issues, file a timely grievance (within 60 days)

**Completed by:** _____          S. Benton          9, 5, 06
Print Name          Signature          Date

Distribution: Offender; Inmate Issues          DOC 0070 (10/2001)
(Replaces DC 710-1274)

17.          (Exh. C)

**COMMITTED PERSON'S GRIEVANCE**

O6-09-60

| Date: 9-11-06 | Committed Person: (Please Print) Phillips George R. | ID#: C-90220 |
|---|---|---|
| Present Facility: Dixon S.T.C. | Facility where grievance issue occurred: Dixon S.T.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☑ Medical Treatment  ☐ Other (specify): 60/JM
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: _____
   Date of Report _____ Facility where issued

Note:  Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: In April 2006 i was given a series of x-rays But i was not notified of the results of the x-rays until the 3rd week of July by my Psychiatrist, which means my 60 days had not Expired And as of today 9-11-06 I have not recieved any medical treatment In April 2006 the x-rays clearly showed that i have Emphasema. The entire Medical Staff knew of my medical problem but Withheld this information from me until my Psychiatrist told me in the 3rd week of July. As of this date i have not recieved ANY medication or other help from the medical staff

Relief Requested: Immediate Medical Treatment And someone to discuss my out of Court settlement for my suffering and medical Neglence

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  _____  ___/___/___
Committed Person's Signature  ID#  Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 9/13/06    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Your treatment issue is beyond the 60 day window to file a grievance. Offender should sign up for sick call and explain his issue at sick call. I - may file a grievance after sick call if he feels he's not receiving proper treatment

MARTENS
Print Counselor's Name

J Martens
Counselor's Signature

9/13/06
Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

**18.**    **(Exh. D)**

_____  ___/___/___
Chief Administrative Officer's Signature  Date

Distribution: Master File; Committed Person    Page 1    DOC 0046 (Eff.10/2001)
Printed on Recycled Paper    (Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** Phillips _____ George _____ _____ C90220
Last Name       First Name        MI        ID#

**Facility:** Dixon

☒ Grievance (Local Grievance # (if applicable): 8-11-06 )    or    ☐ Correspondence

**Received:** 8, 31, 06 / 9-22-06    **Regarding:** medical
Date

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable.

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
   Office of Inmate Issues
   1301 Concordia Court
   Springfield, IL  62794-9277

---

**Misdirected:**

☒ Contact your correctional counselor regarding this issue. *for assistance*

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
   319 E. Madison St., Suite A
   Springfield, IL  62706

---

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____ / _____ / _____.
   Date

☐ No justification provided for additional consideration.

---

**Other** (specify): File a new grievance, with current dates, and proceed through institutional grievance process.

**Completed by:** _____    S. Benton    9, 06, 06
                    Print Name                  Signature       Date

File with Counselor. When you get their response back, forward to grievance office. When you get CAO's response back, forward your written portion & inst. written portion here.

DOC 0070 (10/2001)
(Replaces DC 710-1274)

Distribution:  Offender; Inmate Issues

**19.**    (Exh. E)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

DIXON CC

Offender information:

Phillips          George          C90200

Last Name          First Name          MI          ID#:

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 3-6-06 6:48am | CMP, CBC, PSA, HIV drawn @ arm. Direct pressure et bandaid to site. ~ S Bassett MLT | |
| 3-6-06 | 8am Chest X-ray taken at Dixon CC ~ C Glenn RN | |
| 5-8-06 10:15 AM | S c/o of burning pain upper Lt chest to side. F/M took Nitroglycerin + pain subsided. Also reports burning sensation in upper Lt arm + chest last night. Again took Nitro + sensation ceased O B/P 112/82  P 48  R 16 Reports O SOB or sweating. O nausea or vomiting noted. Pulse irregular A Chest pain . | P. EKG per PM Colgan . O Fx BTU . Vdehave RN |

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

20.          (Exh. F) 1 of 8

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

Dixon CC

| Offender Information: | | |
|---|---|---|
| Phillips (Last Name) | George (First Name) | MI |  ID#: C90220 |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/27/06 10³² | Pt seen by φ. See Note. | 1) ↓ Artane 1 mg bid Noon ↓ 6 pm |
| | ~~[signature]~~ DOR NKS | 2) Cont Prol Decr 6.25 mg 2 wks |
| | | 3) TFTS |
| | | 4) RR ÷ mos |
| | | [signature] 7/27/06 4³⁰ |
| 7-31-06 6³³ am | Refusal form completed et signed for refusing Labs of TFT's. | E Bassett NP |
| 8/2/06 7³⁰ am | SICK CALL  B/P_____ TPR_____  s/c thin [illegible] | [illegible] |
| 8/24/06 5 am | SICK CALL  B/P_____ TPR_____  [illegible] sick call issue  I/m to report He  was told by security  He could get special Housing | I/m advised by 38 in for injuries Status not Not smoking? [illegible] |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

*Dixon?*

Offender Information:

*Phillips*     *George*     C90228

Last Name     First Name     MI    ID#: _____

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 8/28/06 | **SICK CALL**<br>B/P 110/74 TPR 97 78 18<br>S) I am very<br>full breath.<br>O) ref CXR 3/10/06.<br>lungs diminished<br>blut. A+O X 3<br>Sophies<br>A C/O SOB | MD visit for<br>evaluation<br>of SOB.<br>O₂ 2.00 cry<br>[signature] |
| 8/30/06<br>10:5 | **M.D. VISIT**<br>B/P 118/70 TPR 97 78 18 WT (140 lbs)<br>CC: Flu COPD<br>(an chest X-ray done on 3/8/06) — emphysema<br>A patient ⑧<br>8-10 cigs/day<br>X 40 years well. D-O) it fully continue, alot of<br>wheezed. HEENT — neg. neck supple<br>lungs B/L clear. Heart & abdomen neg.<br>neurological & extremities OK.<br>No edema feet. Extremities & | |

Distribution: Offender's Medical Record

*Printed on Recycled Paper*

**22.**

(Exh. F) 3. of 8

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

DIXON CC

Offender Information:

Last Name: *Phillips*    First Name: *George*    MI: ___    ID#: C90220

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| | joints exam WNL | P— |
| | Pt denies HB fever or chills | — Matter ref/ monthly |
| | ∅ haemoptysis, N/V or diarrhea | — RTC 2 mth 10/30/06 |
| | ∅ no urinary S/s | — D/c Imodium !! |
| | CMP, CBC & UA for 3/4/06 | |
| | were normal. | |
| | A — COPD | [signature] 8/30/06 2:15pt |
| 9/5/06 1320 | See Note. Seen by [signature] | 1) Medline-serenil for Ensure |
| | | 2) Hold Double portions diet |
| | | 3) Weigh q week X 4 |
| | | 4) Prolixin Deconate to 25 mg IM q 4 wks |
| | [signature] RN | 5) Remeron 15 mg q PM |
| | 6) Prolixin 5mg for q PM | Notes 9/5/6 J Brown |

(Exh. F) 4 of 8

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

Offender Information:

Phillips          George          C90220

Last Name          First Name          MI          ID#:

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 9/8/06 9⁵ | **M.D. VISIT** B/P 97/74 TPR 96 76-? (WT 140) Reg CC: Eval. for Resource et Double Portions / Dr. Dorn. | P — |
| | D — wt. ↑ stable now - no | —D-C standing?) |
| | N/V & diarrhea HEENT — neg. | VOID |
| | Neck supple-lungs clear bil. Heart | double |
| | sounds v? | portions. |
| | A— COPD (emphysema) | (PT does not qualify for Ensure.) |
| | [signature] 9/8/06 | [signature] 9/8/06 |

Distribution: Offender's Medical Record

Printed on Recycled Paper

24.

(Exh. F)
5. of 8

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

Dixon CC

Offender Information:

Phillips                George          ID#: C 90220
Last Name               First Name   MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 9/25/06 | SICK CALL | |
| | B/P _____ TPR _____ | |
| | S/S tin ste — | |
| 9/27/06 9AM | SICK CALL B/P_____ TPR _____ already ī no appt is place for 10/06 | T/no trial |
| 10/10/06 15F | Seen by φ. See note. | 1) ✓ Prolixin Dec 12.5 g IM now, then ē 2 weeks 2) ↑ Artane 15 g bid 3) D/C Remeron 4) Wellbutrin 75 mg/am |
| | Notes 10/10/6  G. Bauer N | |

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Printed on Recycled Paper

25.  (Exh. F) 6 of 8

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

DIXON CC

Offender Information:

Phillips          George     C90220

Last Name          First Name          MI          ID#: _____

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10/25/06 11:50 AM | **M.D. VISIT** B/P 105/60 **TPR** 96.7 84 16 **WT** 147# CC: Reg Special Housing | |
| | | not qy x 12 month. |
| | Special housing request. H/o COPD ↓ WT. c/o sob with exertion. | May transfer as per security |
| | A — COPD | [signature] |
| | | [signature] 10/25/06 MD |
| | | |
| | | |
| | | |
| | | |
| | | |

Distribution: Offender's Medical Record

Printed on Recycled Paper

(Ex A. F) 7 of 8

26.

DOC 0084 (Eff. 9/2002
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

Dixon CC

Offender Information:

Phillips                    George                    ID#: C 90220
Last Name                   First Name          MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| | **M.D. VISIT** B/P 98/74 TPR 97% WT 142 CC: Flu COPD | |
| | O— G. exam lt unchanged lot lt stable HEENT – neg. med supple –lungs clear B/L: | P— – continue furnished Rx |
| | A  COPD lesten vst (for a long time (!!) hx of smoking | – D/C smoking !! |
| | | [signature] 10/30/04 10 am |

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

*Defonce*

Offender Information:

*Phillips*          *George*          C 91220

Last Name          First Name          MI          ID#: _____

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |
|           |                                   |       |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

Printed on Recycled Paper

Department that the persons do not wish correspondence from that inmate during the incarceration.

P.A. 77-2097, § 3-8-7.5, added by P.A. 88-331, § 5, eff. Jan. 1, 1994.

### 5/3-8-8. Grievances

§ 3-8-8. Grievances. (a) The Director shall establish procedures to review the grievances of committed persons. The Director may establish one or more administrative review boards within the Department to review grievances. A committed person's right to file grievances shall not be restricted. Such procedure shall provide for the review of grievances by a person or persons other than the person or persons directly responsible for the conditions or actions against which the grievance is made.

(b) Such procedures shall provide that a record of such grievance and any decision made with respect to it shall be preserved for a period of one year.

(c) Such procedures shall allow committed persons to communicate grievances directly to the Director or some person designated by the Director outside of the institution or facility where the person is confined.

(d) All committed persons shall be informed of the grievance procedures established by the Department and they shall be available to all committed persons.

(e) Discipline shall not be imposed because of use of the grievance procedure.

P.A. 77-2097, § 3-8-8, eff. Jan. 1, 1973.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-8-8.

### 5/3-8-9. Agreement on Detainers

§ 3-8-9. Agreement on Detainers. (a) The Agreement on Detainers is hereby enacted into law and entered into by this State with all other jurisdictions legally joining therein in the form substantially as follows:

#### Article I

The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints. The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures.

#### Article II

As used in this agreement:

(a) "State" shall mean a state of the United States; the United States of America; a territory or possession of the United States; the District of Columbia; the Commonwealth of Puerto Rico.

(b) "Sending state" shall mean a state in which a prisoner is incarcerated at the time that he initiates a request for final disposition pursuant to Article III hereof or at the time that a request for custody or availability is initiated pursuant to Article IV hereof.

(c) "Receiving state" shall mean the state in which trial is to be had on an indictment, information or complaint pursuant to Article III or Article IV hereof.

#### Article III

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for a good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

(c) The warden, commissioner of corrections or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information or complaint on which the detainer is based.

(d) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed. The warden, commissioner of corrections or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner. Any notification sent pursuant to this paragraph shall be accompanied by copies of the prisoner's written notice, request, and the certificate. If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

(e) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall also be deemed to be a waiver of extradition with respect to any charge or proceeding contemplated thereby or included therein by reason of paragraph (d) hereof, and a waiver of extradition to the receiving state to serve any sentence there imposed upon him, after completion of his term of imprisonment in the

**Section 504.805  Responsibilities**

a)  Unless otherwise specified, the Director or Chief Administrative Officer may delegate responsibilities stated in this Subpart to another person or persons or designate another person or persons to perform the duties specified.

b)  No other individual may routinely perform duties whenever a Section in this Subpart specifically states the Director or Chief Administrative Officer shall personally perform the duties.  However, the Director or Chief Administrative Officer may designate another person or persons to perform the duties during periods of his or her temporary absence or in an emergency.

(Source:  Amended at 22 Ill. Reg. 1206, effective January 1, 1998)

**Section 504.810  Filing of Grievances**

a)  An offender shall first attempt to resolve incidents, problems, or complaints other than complaints concerning disciplinary proceedings through his or her counselor.  If an offender is unable to resolve the complaint informally or if the complaint concerns a disciplinary proceeding, the individual may file a written grievance on a grievance form that shall be made available in all living units.  A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance.  However, if an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered.  The grievance procedure shall not be utilized for complaints regarding decisions that are outside the authority of the Department, such as parole decisions, clemency, or orders regarding length of sentence or decisions that have been rendered by the Director.

b)  The grievance form shall be addressed to the Grievance Officer and shall be deposited in the living unit mailbox or other designated repository.  The grievance shall contain factual details regarding each aspect of the offender's complaint including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint.  This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

c)  Staff assistance shall be available as requested by those offenders who cannot prepare their grievances unaided as determined by institutional staff.

    1)  All offenders shall be entitled to file grievances regardless of their disciplinary status or classification.



(Exh. H) 1. of 3

2)    Each facility shall take reasonable steps to ensure that the grievance procedure is accessible to offenders who are impaired, disabled, or unable to communicate in the English language.

d)    Offenders shall be informed of the grievance procedure at the admitting facility and may request further information regarding the procedure from their counselors.

1)    The written procedure shall be available to all offenders.

2)    An offender unable to speak or read the English language may request that the procedure be explained in the individual's own language.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

**Section 504.820  Grievance Officer**

a)    The Chief Administrative Officer shall appoint 2 or more employees who may serve as a Grievance Officer to attempt to resolve problems, complaints, and grievances that offenders have been unable to resolve through routine channels.

b)    No person who is directly involved in the subject matter of the grievance or who was a member of the Adjustment Committee that heard a disciplinary report concerning the grievance may serve as the Grievance Officer reviewing that particular case.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

**Section 504.830  Grievance Procedures**

a)    A Grievance Officer shall review grievances at least weekly, provided that one or more grievances have been filed.  Grievances on issues that are deemed without merit may be returned as denied to the sender without further investigation.  No merit grievances include grievances that:

1)    Have previously been addressed for which there is no additional information; or

2)    Are on issues that do not involve or affect the offender.

b)    The Grievance Officer shall promptly submit a copy of any grievance alleging discrimination based on disability or a request for an accommodation based upon disability to the facility ADA Coordinator.  The facility ADA Coordinator shall conduct such investigation as deemed appropriate and make written

**30.**

recommendations to the Chief Administrative Officer for resolution of the grievance.

c) An offender may be afforded an opportunity to appear before the Grievance Officer unless the grievance is deemed without merit. The Officer may call witnesses as deemed appropriate.

d) The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer. The Chief Administrative Officer shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances. Responses to duplicate grievances on issues that are currently being grieved may be combined in one response.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.840  Emergency Procedures

An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.

a) If the Chief Administrative Officer determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis.

b) The Chief Administrative Officer shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken.

(Source: Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

## Section 504.850  Appeals

a) If, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.

b) The Director shall review the grievance and the responses of the Grievance Officer and Chief Administrative Officer and shall determine whether the grievance requires a hearing before the Administrative Review Board. If it is determined that the grievance is without merit or can be resolved without a hearing, the offender shall be advised of this disposition, in writing.

**730 ILCS 5/3-6-8**     **CORRECTIONS**

number of committed persons in the Adult Division who are on waiting lists for participation in the GED programs. P.A. 77-2097, § 3-6-8, added by P.A. 94-128, § 5, eff. July 7, 2005.

## ARTICLE 7. FACILITIES

### 5/3-7-1. Administrative Regulations

§ 3-7-1. Administrative Regulations. The Department shall promulgate Rules and Regulations in conformity with this Code.

P.A. 77-2097, § 3-7-1, eff. Jan. 1, 1973.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-7-1.

### 5/3-7-2. Facilities

§ 3-7-2. Facilities.

(a) All institutions and facilities of the Department shall provide every committed person with access to toilet facilities, barber facilities, bathing facilities at least once each week, a library of legal materials and published materials including newspapers and magazines approved by the Director. A committed person may not receive any materials that the Director deems pornographic.

(b) (Blank).

(c) All institutions and facilities of the Department shall provide facilities for every committed person to leave his cell for at least one hour each day unless the chief administrative officer determines that it would be harmful or dangerous to the security or safety of the institution or facility.

(d) All institutions and facilities of the Department shall provide every committed person with a wholesome and nutritional diet at regularly scheduled hours, drinking water, clothing adequate for the season, bedding, soap and towels and medical and dental care.

(e) All institutions and facilities of the Department shall permit every committed person to send and receive an unlimited number of uncensored letters, provided, however, that the Director may order that mail be inspected and read for reasons of the security, safety or morale of the institution or facility.

(f) All of the institutions and facilities of the Department shall permit every committed person to receive visitors, except in case of abuse of the visiting privilege or when the chief administrative officer determines that such visiting would be harmful or dangerous to the security, safety or morale of the institution or facility. The chief administrative officer shall have the right to restrict visitation to non-contact visits for reasons of safety, security, and order, including, but not limited to, restricting contact visits for committed persons engaged in gang activity. No committed person in a super maximum security facility or on disciplinary segregation is allowed contact visits. Any committed person found in possession of illegal drugs or who fails a drug test shall not be permitted contact visits for a period of at least 6 months. Any committed person involved in gang activities or found guilty of assault committed against a Department employee shall not be permitted contact visits for a period of at least 6 months. The Department shall offer every visitor appropriate written information concerning HIV and AIDS, including information concerning how to contact the Illinois Department of Public Health for counseling information. The Department shall develop the written materials in consultation with the Department of Public Health. The Department shall ensure that all such information and materials are culturally sensitive and reflect cultural

diversity as appropriate. Implementation of the changes made to this Section by this amendatory Act of the 94th General Assembly is subject to appropriation.

(g) All institutions and facilities of the Department shall permit religious ministrations and sacraments to be available to every committed person, but attendance at religious services shall not be required.

(h) Within 90 days after December 31, 1996, the Department shall prohibit the use of curtains, cell-coverings, or any other matter or object that obstructs or otherwise impairs the line of vision into a committed person's cell.

P.A. 77-2097, § 3-7-2, eff. Jan. 1, 1973. Amended by P.A. 81-346, § 1, eff. Aug. 31, 1979; P.A. 89-609, § 10, eff. Jan. 1, 1997; P.A. 89-659, § 5, eff. Jan. 1, 1997; P.A. 89-688, § 1, eff. June 1, 1997; P.A. 89-689, § 135, eff. Dec. 31, 1996; P.A. 90-14, Art. 2, § 2-50, eff. July 1, 1997; P.A. 91-912, § 10, eff. July 7, 2000; P.A. 94-629, § 94, eff. Jan. 1, 2006.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-7-2.

**Validity**

*The Illinois Appellate Court, Fourth District, held that P.A. 89-688 violated the single-subject rule of the Illinois Constitution in the case of People v. Foster, App. 4 Dist. 2000, 316 Ill.App.3d 855, 737 N.E.2d 1125, 250 Ill.Dec. 148; and People v. Burdunice, Supreme Court of Illinois 2004, 211 Ill.2d 264, 811 N.E.2d 678, 285 Ill.Dec. 191.*

### 5/3-7-2a. Commissaries

§ 3-7-2a. If a facility maintains a commissary or commissaries, the selling prices for all goods shall be sufficient to cover the costs of the goods and an additional charge of up to 35% for tobacco products and up to 25% for non-tobacco products. The amount of the additional charges for goods sold at commissaries shall be based upon the amount necessary to pay for the wages and benefits of commissary employees who are employed in commissary facilities of the Department. The Department shall determine the additional charges upon any changes in wages and benefits of commissary employees as negotiated in the collective bargaining agreement. A compliance audit of all commissaries and the distribution of commissary funds shall be included in the regular compliance audit of the Department conducted by the Auditor General in accordance with the Illinois State Auditing Act.[1]

Items purchased for sale at any such commissary shall be purchased, wherever possible, at wholesale costs. If a facility maintains a commissary or commissaries as of the effective date of this amendatory Act of the 93rd General Assembly, the Department may not contract with a private contractor or vendor to operate, manage, or perform any portion of the commissary services. The Department may not enter into any such contract for commissary services at a facility that opens subsequent to the effective date of this amendatory Act of the 93rd General Assembly.

P.A. 77-2097, § 3-7-2a, added by P.A. 81-733, § 1, eff. Jan. 1, 1980. Amended by P.A. 82-652, § 1, eff. Jan. 1, 1982; P.A. 93-607, § 5, eff. Jan. 1, 2004.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-7-2a.

[1] 30 ILCS 5/1-1 et seq.

### 5/3-7-2b. Prior notice to General Assembly

§ 3-7-2b. Prior notice to General Assembly. Prior to the selection of any site for the construction of any correctional facility, work release center, community correctional

**32. (Exh. I.)**